Filed 03/19/25

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT**<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | **CIVIL DIVISION**<br>Case No. 22-CV-04290 |

---

R.W., et al. v. J.M., et al

---

### Opinion and Order on Plaintiffs' Motions 36 and 37
### to Compel Discovery from J.M. and M.M.

Plaintiffs R.W. (Mother) and A.M. (Daughter) allege that Defendant J.M. (Father) abused and neglected A.M. when she was a young child, and Defendant M.M. (A.M.'s paternal Grandmother), an employee of Defendant the Vermont State Department for Children and Families (DCF) during the underlying events, acted in concert with other DCF employees/Defendants to successfully undermine DCF's investigation into that alleged abuse and neglect for J.M.'s benefit and A.M.'s detriment.[1]  Plaintiffs claim against the various Defendants intentional infliction of emotional distress, a violation of Article 11 of the Vermont Constitution, a violation of the Fourth Amendment to the U.S. Constitution, and negligent retention and supervision.  Plaintiffs have served first sets of requests for production on both J.M. and M.M.  They assert that J.M. has neither produced the requested records nor, with one exception, communicated with them at all. They assert that M.M.'s production is insufficient in certain regards.  Plaintiffs have filed Vt. R. Civ. P. 37(b)(2) motions to compel production, and they seek awards of costs and fees, Vt. R. Civ. P. 37(b)(4), for having to bring these motions.

---

[1] The individual parties are referred to by initials pursuant to an order of the Court entered on March 28, 2023.  A.M. is a minor who appears in this case via R.W. as self-appointed "next friend."

1.    Motion to Compel as to J.M.

Notably, J.M. is represented by counsel and has filed nothing in response to Plaintiffs' motion to compel. According to the record, Plaintiffs serve their First Set of Requests for Production on J.M. on November 30, 2023. When the first stay on discovery (pending disposition of a round of dismissal motions) was lifted, Plaintiffs re-served that discovery request in March 2024. When J.M. failed to respond, counsel for Plaintiffs repeatedly attempted to communicate with counsel for J.M. The only response was an eventual request for an extension, but, again, no records ever were produced thereafter. After a second stay on discovery (pending disposition of a round of summary judgment motions) more recently was lifted, Plaintiffs' counsel resumed efforts at communicating with J.M.'s counsel regarding the discovery request. Despite persistent such efforts, J.M.'s counsel has never responded in any way and, as noted, has not responded to Plaintiffs' motion to compel.

On that basis, Plaintiffs' motion to compel is granted. Under such circumstances, the Court has discretion to award costs and fees to Plaintiffs. Their request for costs and fees is granted pending any request for a hearing from J.M. *See* Vt. R. Civ. P. 37(a)(4) ("If the motion is granted, the judge shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees….").

2.    Motion to Compel as to M.M.

Plaintiffs have had better luck with M.M. Plaintiffs' perceived deficiencies in M.M.'s production are limited, and the parties have conferred, though without success.

At issue are requests to produce 8, 9, 41, and 42:

> 8.     All Communications between You and [B.M.] Concerning Daughter.
>
> 9.     All Communications between You and [B.M.] Concerning child pornography or sexual content of any nature.
>
> 41.     All Documents relating to Your applications and search for reemployment in 2016, including with the State of Colorado, including any letters of recommendation or reference provided by any person or party.
>
> 42.     All Documents relating to Your search for reemployment in 2016–2023, including within the State of North Carolina, including any letters of recommendation or reference provided by any person or party.[2]

The parties' arguments may be briefly summarized as follows. Plaintiffs argue that their claims are broad, emphasizing that they encompass improper actions taken by DCF employees not necessarily directly connected to any abuse of A.M., and these requests could lead to the discovery of admissible evidence. M.M. emphasizes that these requests are far afield of the heart of this case, are extremely broad and burdensome, are not proportional, and she has limited resources. That is especially true, she maintains, given the age of the requested information.

The proper scope of discovery in Vermont was amended substantially in 2017. Rule 26(b)(1) now provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[2] Plaintiffs' motion also describes a "draft e-mail" that M.M. identified as responsive but withheld. The Court understands that is no longer in dispute.

"Discovery must now be relevant to any party's claim or defense, as opposed to being reasonably calculated to lead to the discovery of admissible evidence." Reporter's Notes—2017 Amendment, Vt. R. Civ. P. 26.

As to requests 8 and 9, as framed, the Court agrees with M.M. that it is entirely unclear how they are relevant to the claims in this case. B.M. is J.M.'s brother and M.M.'s other son. None of the allegations of the complaint or elsewhere *that relate to the claims actually asserted in this case* have anything to do with him. The mere fact that an extremely broad request as to communications involving B.M. in theory could possibly generate something relevant, which is in substance Plaintiffs' argument, is insufficient under the current rule. Plaintiffs' requests are virtually guaranteed to produce an enormous volume of irrelevant records on the vague hope that something relevant might get reeled in as well. And such production would come at significant effort. Plaintiffs' motion is denied as to requests 8 and 9.

As to requests 41 and 42, the Court understands that M.M. left her DCF employment for a job in Colorado in 2016. To the extent that Plaintiffs seek records more reasonably limited in scope as to that job search and application process, the Court concludes that such information has relevance, particularly to the negligent retention and supervision claim. The requests, however, are overbroad and disproportionate in general and, as to employment beyond the Colorado job, too disconnected from the events of this case to reveal any relevance to the claims.

Accordingly, the motion to compel is granted as to requests 41 and 42 but limited to: (a) letters of recommendation or reference provided by then-current or former DCF employees for use by M.M. in seeking work outside of Vermont in 2016, (b) records

otherwise reflecting communications between M.M. and then-current or former DCF employees about M.M.'s 2016 job search prior to her acceptance of the Colorado job, and (c) formal application materials submitted by M.M. in support of job applications in 2016. The motion otherwise is denied.

Conclusion

For the foregoing reasons:

(a)     Plaintiffs' motion to compel regarding J.M. is granted.  J.M. shall respond to Plaintiffs' First Set of Requests for Production within 21 days.[3]

(b)     Plaintiffs' request for costs and fees regarding J.M. is granted.  They shall submit an affidavit detailing those expenses within 14 days.  J.M. may file any opposition or request for hearing within 14 days thereafter.

(c)     Plaintiffs' motion to compel regarding M.M. is granted in part and denied in part as set forth above.  M.M. shall supplement her production within 30 days.  Plaintiffs' request for expenses is denied as the Court, in its discretion, concludes the opposition was "substantially justified" and an award would be "unjust."  Vt. R. Civ. P. 37(a)(4).

Electronically signed on Tuesday, March 18, 2025, per V.R.E.F. 9(d).


Timothy B. Tomasi
Superior Court Judge

---

[3] Given J.M.'s wholesale failure to engage in providing responses to discovery or in opposing the present motion, the Court does not have the particulars of individual requests before it.  To the extent, however, the requests mirror those that the Court has narrowed as to M.M., J.M.'s responses may be similarly limited.